UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**ROBERT LUTHER,**

PLAINTIFF,

-against-

**CHEMUNG CANAL TRUST COMPANY and RONALD M. BENTLEY,**

DEFENDANTS.

---

**COMPLAINT**
**JURY TRIAL DEMANDED**
**Civil Action No.**
1:15-cv-247 (FJS/RFT)

Plaintiff Robert Luther complaining of the Defendants Chemung Canal Trust Company and Ronald M. Bentley alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This civil action is brought on behalf of the Plaintiff, Robert Luther, pursuant to the Age Discrimination in Employment Act, 29 USC § 621, *et seq.* and Article 15, New York Executive Law § 290 *et seq*. seeking damages against the Defendants Chemung Canal Trust Company ("Chemung") and Roald M. Bentley ("Bentley") (collectively "Defendants") to remedy acts of age related employment discrimination.

2. The discriminatory actions of the Defendants in forcing the Plaintiff from his longstanding position of employment solely and improperly on the basis of his age violated both federal and state law, and thereby the rights of the Plaintiff.

3. As a consequence of the Defendants' discriminatory conduct in forcing the Plaintiff to leave his employment as a result of his age, the Plaintiff suffered economic loss, including lost wages, mental and emotional trauma, pain and suffering, and anxiety for which he demands the Defendants answer in substantial damages.

## JURISDICTION

4. This civil action is brought pursuant to the Age Discrimination in Employment Act (ADEA) 29 USC §221 *et seq*., as well as New York State Executive Law § 290 *et seq.*

5. This Court has original jurisdiction pursuant to 28 USC § 1331, and supplemental jurisdiction of state law claims based on 28 USC § 1367, in that all claims presented herein are based on a common set of facts and form the same case or controversy.

## PROCEDURAL HISTORY

6. On July 21, 2014, Plaintiff filed a verified complaint simultaneously with the New York State Division of Human Rights (Division) and the Equal Employment Opportunity Commission (EEOC) in which he alleged that he had been discriminated against in his employment on the basis of his age, and, more specifically, that he had been forced from employment with Defendant Chemung based on his age. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

7. On January 6, 2015, the Division determined that probable cause existed that Mr. Luther was discriminated against based on his age by Defendant. Attached hereto as **Exhibit B** is a true and correct copy of the determination of probable cause.

8. More than sixty (60) days have passed since the filing of Mr. Luther's complaint and a Right to Sue Letter is not required from the EEOC before the filing of the instant action.

## PARTIES

9. Plaintiff, Robert Luther is an individual residing in the County of Albany, State of New York.

10. Plaintiff was born on and at all times relevant hereto, he was seventy-one (71) years old.

11. Defendant Chemung Canal Trust Company is a public company engaged in

the business of banking with its principal place of business located at One Chemung Canal Plaza, Elmira, New York 14902.

12. Defendant is engaged in commerce within the meaning of 29 U.S.C §630(h).

13. Defendant employs more than twenty (20) people and is an employer within the meaning of 29 U.S.C. §630(f).

14. Defendant Ronald M. Bentley is the Chief Executive Officer, President and Director of the Defendant Chemung Canal Trust Company.

15. Bentley has an ownership interest in Defendant, has authority to act independently on behalf of and bind the Defendant, and possessed supervisory authority over the Plaintiff, including the authority to hire, fire and promote.

16. Plaintiff was an employee of Defendant Chemung under supervisory authority of Defendant Bentley, from on or about April 4, 2011 until his discriminatory, forced separation from employment due to his age on June 27, 2014.

## FACTUAL ALLEGATIONS

17. Plaintiff worked for Defendant Chemung as a Commercial Loan Officer and had the title of Vice President at Defendant's branch located at 1375 Washington Avenue, Albany, New York.

18. Plaintiff was initially hired by Capital Bank, predecessor to Defendant Chemung, and worked there for approximately seven (7) years. Capital Bank merged with the Defendant Chemung in early 2011. Prior to his employment with Capital Bank he was employed by JP Morgan Chase for thirty-two (32) years.

19. Prior to the merger with Capital Bank, the Defendant Chemung conducted due diligence on Capital Bank including an interview with Plaintiff. After the interview Plaintiff

was told by Defendant's President and Chief Executive Office, Defendant Ronald Bentley that he "could stay as long as [he] wanted".

20. Following the merger, Plaintiff continued his employment as a Vice President, Commercial Loan Officer II with the Defendant Chemung.

21. Plaintiff enjoyed an exemplary career with the Defendant Chemung, always meeting or exceeding the expectations of his employment. Attached hereto as **Exhibit C** is a true and correct copy of his last Employee Review completed February 25, 2013. The review states in part:

> Bob had a very productive year from perspective of the P & L. Loan and deposit balances grew under Bob's management while credit quality remained very strong. Bob manages several large accounts that are very important to the institution. These accounts are well managed and the clients appear very satisfied with the level of service and advice that Bob provides. In addition, Bob took on some additional clients this year that had a very positive impact on balances. Bob has been a mentor to several of the younger bankers and has achieved some noticeable success in their professional development...

Exhibit C p. 3 As a result of this review Plaintiff received a raise.

22. In or about September 2013, Plaintiff was approached by Defendant Bentley. Defendant Bentley closed the door to Plaintiff's office and inquired "How old are you?" Defendant Bentley then said "I probably shouldn't have asked you that," and thereafter advised the Plaintiff that he had to "retire."

23. At no time had Plaintiff ever stated any intention or desire to retire, intended to continue in his position of employment, and was fully capable of performing all duties of his employment.

24. Several weeks after Defendant Bentley told Plaintiff he must leave the Defendant Chemung, Plaintiff overheard a conversation between two of Defendant Chemung's employees,

Andrew Thompson and Tim Rubery, regarding when Plaintiff would be "leaving". This discussion was the result of Defendant Bentley's conduct in telling Plaintiff he had to "retire" after having asked about his age.

25. Thereafter, Plaintiff was told by Mr. Thompson that he would be "leaving" in December 2013. Plaintiff's "leave" date was then revised to June 27, 2014.

26. At no time had Plaintiff submitted any written or verbal notice of an intention to retire to the Defendants.

27. The actions of Defendant Chemung and Defendant Bentley in forcing Plaintiff from his position were motivated by and the result of discrimination based on his age.

28. Defendant Chemung and Defendant Bentley are actively seeking to hire or have hired a younger replacement for Plaintiff.

29. There were no legitimate business reasons for Plaintiff's forced separation from employment with the Defendant Chemung.

30. At the time of his forced separation from the Defendant Chemung, Plaintiff was the oldest of that Defendant's full time employees.

31. Plaintiff's last day of work with the Defendant was June 27, 2014 when he was required by Defendant Chemung and Defendant Bentley to "retire." Plaintiff did not choose to retire and wished to continue working. "Retirement" was merely subterfuge for Plaintiff's termination from employment with Defendant Chemung based on the discriminatory basis of his age.

## FIRST CLAIM FOR RELIEIF
## (Age Discrimination in Violation of the Age Discrimination in Employment Act, 29 USC § 621 *et seq.*)

32. Plaintiff repeats and realleges each and every allegation set forth in

paragraphs 1 through 26 as though fully set forth herein at length.

33. Plaintiff is a member of a protected class under the ADEA.

34. Defendant Chemung did not have a legitimate business reason for terminating Plaintiff's employment and any stated reasons are a pretext to hide its discriminatory conduct in forcing him to leave employment because of his age.

35. The acts of Defendant Chemung were intentional, willful, wanton, reckless and malicious and demonstrated utter and heedless disregard of Plaintiff's right to be free from age discrimination in the workplace, and constitute unlawful discrimination against Plaintiff on the basis of his age in violation of the ADEA.

36. As a direct result of the foregoing, the Plaintiff is entitled to back pay, front pay, other emoluments of employment, compensatory and punitive damages, and attorneys' fees in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of Art. 15 Executive Law § 290 *et seq.*)**

37. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 36 as though fully set forth herein at length.

38. Plaintiff is a member of a protected class under New York State Law.

39. Defendant Chemung did not have a legitimate business reason for terminating Plaintiff's employment, rather the decision to terminate him was based upon his age, and any stated reasons are a pretext to hide its discriminatory conduct in forcing him to leave his employment because of his age.

40. The foregoing acts of Defendant Chemung were intentional, willful, wanton, reckless and malicious and demonstrated an utter and heedless disregard of Plaintiff's right

to be free from age discrimination in the workplace and constitute unlawful discrimination in violation of the New York Human Rights Law, Article 15, Executive Law § 296.

41. As a direct result of the foregoing, the Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

42. Plaintiff is entitled to liquidated and punitive damages from Defendant Chemung in amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Aiding and Abetting Age Discrimination in Violation of Article 15 Executive Law § 296 (6))**

43. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 as through fully set forth herein at length.

44. The conduct of the Defendant Bentley as described herein aided, abetted, incited, compelled, and/or caused the discriminatory conduct of Defendant Chemung based on age suffered by the Plaintiff.

45. The acts of Defendant Bentley in adding, abetting, inciting, compelling and/or coercing the discriminatory conduct of the Defendant Chemung were intentional, willful, wanton, reckless and malicious and demonstrated utter and heedless disregard of Plaintiff's right to be free from age discrimination in the workplace and constitutes unlawful discrimination in violation of the New York Human Rights Law, Article 15, Executive Law § 296(6).

46. As a result of the foregoing, the Plaintiff is entitled to compensatory damages from the Defendant Bentley in an amount to be proven at trial.

47. Plaintiff is entitled to liquidated and punitive damages from the Defendant Bentley in an amount to be proven at trial.

**WHEREFORE**, Plaintiff Robert Luther demands Judgment against Defendants Chemung Canal Trust Company and Ronald M. Bentley as follows:

(a) Defendants violated the ADEA and/or the New York State Human Rights Law;

(b) Defendants shall reimburse Plaintiff for all loss of earning capacity, back pay, front pay, benefits and other emoluments of employment, and other monetary losses suffered as a result of Defendants' conduct;

(c) Defendants shall pay damages to Plaintiff for pain and suffering and emotional distress;

(d) Defendants shall pay punitive damages to Plaintiff;

(e) Defendants shall pay the costs, disbursements, expenses and reasonable attorneys' fees incurred by Plaintiff in the prosecution of this action;

(f) Interest on all sums awarded as permitted by law; and

(g) Such other and further relief as the Court deems appropriate.

Dated: March 5, 2015
Albany, New York

George J. Szary, Esq.
Bar Roll No. 103572
DeGRAFF, FOY & KUNZ, LLP
Attorneys for Plaintiff
41 State Street
Albany, New York 12207
(518) 462-5300
gszary@degraff-foy.com